# 10-1400-cr

## United States Court of Appeals

*for the*

## Second Circuit

—————◆—————

UNITED STATES OF AMERICA,

*Appellee,*

— v. —

RAUL REYES, a/k/a Raoul Reyes, a/k/a Rico Reyes, a/k/a Paul Reyes, a/k/a Raul
Vasquez Reyes, a/k/a Rauli Reyes, a/k/a Jaime Colon, a/k/a Jaime Rodriguez,

*Defendant-Appellant.*

————————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPENDIX

MARY ANNE WIRTH, ESQ.
BLEAKLEY PLATT & SCHMIDT, LLP
*Attorneys for Defendant-Appellant*
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700

JENNIFER EILEEN BURNS, ESQ.
UNITED STATES ATTORNEY'S OFFICE,
  SOUTHERN DISTRICT OF NEW YORK
*Attorney for Appellee*
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2200

i

# TABLE OF CONTENTS

**Page**

Southern District Docket Entries ............................... A-1

Complaint, dated August 11, 2008 ........................... A-6

Indictment, filed October 10, 2008 .......................... A-10

Transcript of Proceedings held before the
    Honorable Loretta A. Preska, dated June 18, 2009   A-13

Transcript of Proceedings held before the
    Honorable Loretta A. Preska, dated July 15, 2009   A-19

Transcript of Proceedings held before the
    Honorable Loretta A. Preska, dated
    September 2, 2009 .................................................. A-22

Letter from Jennifer E. Burns to Steven M.
    Statsinger, dated October 26, 2009 ....................... A-25

Transcript of Proceedings held before the
    Honorable Loretta A. Preska, dated
    January 27, 2010 ................................................... A-31

Letter from Steven M. Statsinger to the Honorable
    Loretta A. Preska, dated March 30, 2010 .............. A-43

Transcript of Sentencing Proceeding held before the
    Honorable Loretta A. Preska, dated April 7, 2010. A-46

Judgment of the Honorable Loretta A. Preska, dated
    April 12, 2010, Appealed From ............................. A-57

Notice of Appeal, dated April 12, 2010 .................... A-64

CLOSED, APPEAL, ECF, PRIOR

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:08-cr-00983-LAP-1

Case title: USA v. Reyes                         Date Filed: 10/10/2008
Magistrate judge case number: 1:08-mj-01775-UA   Date Terminated: 04/12/2010

Assigned to: Judge Loretta A. Preska

**Defendant (1)**

**Raul Reyes**                          represented by   **Steven M Statsinger**
*TERMINATED: 04/12/2010*                                 Federal Defenders of New York Inc.
*also known as*                                          (NYC)
Raoul Reyes                                              52 Duane Street
*TERMINATED: 04/12/2010*                                 10th Floor
*also known as*                                          New York, NY 10007
Rico Reyes                                               212-417-8700
*TERMINATED: 04/12/2010*                                 Fax: 212-571-0392
*also known as*                                          Email: steve_statsinger@fd.org
Paul Reyes                                               *LEAD ATTORNEY*
*TERMINATED: 04/12/2010*                                 *ATTORNEY TO BE NOTICED*
*also known as*                                          *Designation: CJA Appointment*
Raul Vasquez Reyes
*TERMINATED: 04/12/2010*
*also known as*
Rauli Reyes
*TERMINATED: 04/12/2010*
*also known as*
Jaime Colon
*TERMINATED: 04/12/2010*
*also known as*
Jaime Rodriguez
*TERMINATED: 04/12/2010*

**Pending Counts**                          **Disposition**

18:2113A.F BANK ROBBERY BY                  Imprisonment: 188 months. Supervised
FORCE OR VIOLENCE                           Release: 3 years.
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**
None

| **Complaints** | **Disposition** |
|---|---|
| 18:2113:BANK ROBBERY. | |

**Plaintiff**

**USA**                     represented by **Jennifer Eileen Burns**
U.S. Attorney's Office, SDNY (St
Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212)-637-2315
Fax: (212)-637-2527
Email: jennifer.burns@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/11/2008 | 1 | COMPL   AINT as to Raul Reyes (1) in violation of 18 U.S.C. 2113. (Signed by Judge Magistrate Judge Henry B. Pitman) (gq) [1:08-mj-01775-UA] (Entered: 10/14/2008) |
| 10/10/2008 | 3 | INDICTMENT FILED as to Raul Reyes (1) count(s) 1. (jm) (Entered: 10/14/2008) |
| 10/10/2008 | | Case Designated ECF as to Raul Reyes. (jm) (Entered: 10/14/2008) |
| 06/18/2009 | 4 | CJ  A 23 Financial Affidavit by Raul Reyes. (Signed byJudge Loretta A. Preska on 6/18/09); Attorney Steve Statsinger. (bw) (Entered: 06/19/2009) |
| 06/18/2009 | | Minute Entry for proceedings held before Judge Loretta A. Preska:Initial Appearance as to Raul Reyes held on 6/18/2009. (jw) (Entered: 06/19/2009) |
| 06/18/2009 | | Minute Entry for proceedings held before Judge Loretta A. Preska:Arraignment as to Raul Reyes (1) Count 1 held on 6/18/2009. Defendant present with his attorney Steven Statsinger. AUSA Brian Jacobs for AUSA Jennifer Burns present. Defendant waives reading of the indictment. Defendant pleads not guilty to all counts of the indictment. Defendant sworn, swears to accuracy of statements in CJA Financial Affidavit. Steven Statsinger appointed counsel. Defendant remanded. Continued to July 15, 2009 at 11:00 a.m. Exclude time under Speedy Trial Act through July 15, 2009 in the interests of justice. (jw) (Entered: 06/19/2009) |
| 06/18/2009 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Plea |

| | | |
|---|---|---|
| | | entered by Raul Reyes (1) Count 1 Not Guilty. (jw) (Entered: 06/19/2009) |
| 06/18/2009 | 5 | Rule 5(c  )(3) Documents Received as to Raul Reyes from the U.S.D.C. San Juan, Puerto Rico: Commitment to Another District, Waiver of Identity and Removal Hearing, Minutes of Proceedings, Notice of Appearance, Order to Detain Dft, Financial Affidavit, Indictment, Warrant for Arrest, Writ of Habeas Corpus Ad Prosequendum, and Docket Sheet. (ja) (Entered: 06/19/2009) |
| 06/18/2009 | | Minute Entry for proceedings held before Judge Loretta A. Preska: as to Raul Reyes; Status Conference set for 7/15/2009 at 11:00 AM before Judge Loretta A. Preska. (jw) (Entered: 06/19/2009) |
| 07/15/2009 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Pretrial Conference as to Raul Reyes held on 7/15/2009. Defendant present with his attorney Steven Statsinger. AUSA Brian Jacobs for AUSA Jennifer Burns present. Defendant remanded. Continued to September 2, 2009 at 11:30 a.m. Exclude time under Speedy Trial Act through September 2, 2009 in the interests of justice. (bw) (Entered: 07/17/2009) |
| 07/15/2009 | | ORAL ORDER as to Raul Reyes. Time excluded from 7/15/09 until 9/2/09. Pretrial Conference set for 9/2/2009 at 11:30 AM before Judge Loretta A. Preska. (bw) (Entered: 07/17/2009) |
| 08/05/2009 | 6 | TRANSCRIPT of Proceedings as to Raul Reyes held on June 18, 2009 at 4:40 pm before Judge Loretta A. Preska. (eef) (Entered: 08/13/2009) |
| 08/12/2009 | 7 | TRANSCRIPT of Proceedings as to Raul Reyes held on 7/15/09 before Judge Loretta A. Preska. (ja) (Entered: 08/17/2009) |
| 09/02/2009 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Pretrial Conference as to Raul Reyes held on 9/2/2009. Defendant present with his attorney Steven Statsinger. AUSA Janis Echenberg present. Defendant remanded. Continued to September 29, 2009 at 4:30 p.m. Exclude time under Speedy Trial Act through September 29, 2009 in the interests of justice. Court Reporter: Steve Griffing. (bw) (Entered: 09/03/2009) |
| 09/02/2009 | | ORAL ORDER as to Raul Reyes. Time excluded from 9/2/09 until 9/29/09. Pretrial Conference set for 9/29/2009 at 04:30 PM before Judge Loretta A. Preska. (bw) (Entered: 09/03/2009) |
| 09/29/2009 | 8 | ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT: As to Raul Reyes. It is hereby ORDERED that the time between September 29, 2009 and October 29, 2009, is hereby excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h) (7) (A), in the interests of justice. SO ORDERED. (Signed by Judge Loretta A. Preska on 9/29/2009)(dnd) (Entered: 09/29/2009) |
| 10/16/2009 | 9 | TRANSCRIPT of Proceedings as to Raul Reyes held on 9/2/09 before Judge Loretta A. Preska. (tro) (Entered: 11/05/2009) |
| 11/10/2009 | 10 | ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT: As to Raul Reyes. It is hereby ORDERED that the time between October 29, 2009 and November 24, 2009, is hereby excluded under the Speedy Trial Act, 18 U. S. C. § 3161 (h) (7) (A), in the interests of justice. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/10/2009)(dnd) (Entered: 11/12/2009) |

| | | |
|---|---|---|
| 11/25/2009 | 11 | ENDORSED LETTER as to Raul Reyes, addressed to Judge Preska, from Jennifer E. Burns, AUSA, dated 11/23/09, re: parties jointly adjourn the 11/24/09 conference until 12/22/09 at 12 p.m. and to exclude time under the STA from 11/24/09 through 12/22/09. -- Judge endorsed: SO ORDERED. ( Pretrial Conference set for 12/22/2009 at 12:00 PM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 11/25/09)(ja) (Entered: 11/25/2009) |
| 12/21/2009 | 12 | ENDORSED LETTER as to Raul Reyes, addressed to Judge Preska, from Jennifer E. Burns, AUSA, dated 12/17/09, re: request to adjourn the currently scheduled conference from December 22, 2009 at 12 p.m. to January 27, 2010 at 4:30 pm. and to exclude time under the STA from 12/22/09 through 1/27/2010. -- Judge endorsed: SO ORDERED. ( Pretrial Conference set for 1/27/2010 at 04:30 PM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 12/21/09)(ja) (Entered: 12/21/2009) |
| 01/27/2010 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Change of Plea Hearing as to Raul Reyes held on 1/27/2010. Defendant present with his attorney Steven Statsinger. AUSA Jennifer Burns present. Court Reporter: Carol Ganley. The defendant withdraws his plea of not guilty and enters a plea of guilty to the indictment. Sentencing scheduled for April 6, 2010 at 4:00 p.m. PSI ordered. Defendant remanded. (bw) (Entered: 02/01/2010) |
| 01/27/2010 | | Change of Not Guilty Plea to Guilty Plea as to Raul Reyes (1) Count 1. (bw) (Entered: 02/01/2010) |
| 01/27/2010 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Plea entered by Raul Reyes (1) Guilty as to Count 1. (bw) (Entered: 02/01/2010) |
| 01/27/2010 | | Order of Referral to Probation for Presentence Investigation and Report as to Raul Reyes. (bw) (Entered: 02/01/2010) |
| 01/27/2010 | | ORAL ORDER as to Raul Reyes. Sentencing set for 4/6/2010 at 04:00 PM before Judge Loretta A. Preska. (bw) (Entered: 02/01/2010) |
| 02/18/2010 | 13 | TRANSCRIPT of Proceedings as to Raul Reyes held on January 27, 2010 11:20 a.m. before Judge Loretta A. Preska. (ajc) (Entered: 02/19/2010) |
| 04/07/2010 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Sentencing held on 4/7/2010 for Raul Reyes (1) Count 1. (ja) (Entered: 04/12/2010) |
| 04/12/2010 | 14 | FILED JUDGMENT IN A CRIMINAL CASE as to Raul Reyes (1). The defendant Raul Reyes pleaded guilty to Count(s) 1, Imprisonment: 188 months TO RUN CONSECUTIVE TO PONCE CENTRAL DISTRICT COURT, PR - CASE #'S - JBD2009G0024; JBD2009G0033; JLA2009G0031; JBD2009G0021; JBD2009G0035; JBD2009G0025; JSC2002G0149; JPD2002G0132; JPD2002G001373 AND JPD2001G-371. DEFENDANT ADVISED OF RIGHT TO APPEAL. The court recommends to the Bureau of Prisons: That the defendant be permitted to stay in Federal Custody. The defendant is remanded to the custody of the United States Marshal. Supervised Release: 3 years. SA: $100.00. Restitution: $14,000.00. (Signed by Judge Loretta A. Preska on 4/12/2010)(ja) (Entered: 04/12/2010) |
| | | |

| 04/12/2010 | 15 | NOTICE OF APPEAL by Raul Reyes from 14 Judgment. (tp) (Entered: 04/13/2010) |
|---|---|---|
| 04/12/2010 | | Appeal Remark as to Raul Reyes re: 15 Notice of Appeal - Final Judgment. NO FEE. FEDERAL DEFENDERS OF NEW YORK, INC. (tp) (Entered: 04/13/2010) |
| 04/12/2010 | | Judgment entered in money judgment book as #10,0601 as to Raul Reyes in the amount of $ 14,100.00, re: 14 Judgment. (dt) (Entered: 04/14/2010) |
| 04/13/2010 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Raul Reyes to US Court of Appeals re: 15 Notice of Appeal - Final Judgment. (tp) (Entered: 04/13/2010) |
| 04/13/2010 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Raul Reyes re: 14 Judgment, 12 Endorsed Letter, Set Deadlines/Hearings, 10 Order to Continue - Speedy Trial, 8 Order to Continue - Speedy Trial, 3 Indictment, 11 Endorsed Letter, Set Deadlines/Hearings, 15 Notice of Appeal - Final Judgment were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/13/2010) |
| 04/13/2010 | 16 | Sentencing Letter addressed to Judge Loretta A. Preska from Steven M. Statsinger dated 3/30/2010. re: This letter is respectfully submitted in advance of Mr. Reyes' sentencing, currently scheduled for Tuesday, April 6, 2010. For the reasons advanced below, particularly in light of Mr. Reyes' unusually sad childhood and history of substance abuse, the court should sentence him to no more than 188 months' imprisonment, and should order the federal sentence to run concurrently with the undischarged term of imprisonment that Mr. Reyes is currently serving... (dnd) (Entered: 04/15/2010) |
| 05/06/2010 | 17 | TRANSCRIPT of Sentencing Proceedings as to Raul Reyes held on 4/7/10 before Judge Loretta A. Preska. (pl) (Entered: 05/10/2010) |
| 09/22/2010 | 18 | First Supplemental ROA Sent to USCA (Index). Notice that the Supplemental Index to the record on Appeal as to Raul Reyes re: 15 Notice of Appeal - Final Judgment USCA Case Number 10-1400-cr, 3 Copies of the index, Certified Supplemental Clerk Certificate and Certified Docket Sheet were transmitted to the U.S. Court of Appeals. (nd) (tp). (Entered: 09/22/2010) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/06/2011 12:34:01 | | |
| PACER Login: | cp0024 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:08-cr-00983-LAP |
| Billable Pages: | 4 | Cost: | 0.32 |

A-6

08 MAG 1775

Approved: *Jennifer E. Burns*
       JENNIFER E. BURNS
       Assistant United States Attorney

Before:  HON. HENRY B. PITMAN
       United States Magistrate Judge
       Southern District of New York

- - - - - - - - - - - - - - - x

| | |
|---|---|
| | COMPLAINT |
| UNITED STATES OF AMERICA  : | |
| | Violation of |
|    -v.-      : | 18 U.S.C. §§ 2113 (a) |
| | and (d) |
| RAUL REYES,        : | |
|   a/k/a "Rauli Reyes," | |
|   a/k/a "Raoul Reyes,"   : | COUNTY OF OFFENSE: |
|   a/k/a "Raul Vasquez Reyes," | NEW YORK |
|   a/k/a "Rico Reyes,"    : | |
|   a/k/a "Paul Reyes," | |
|   a/k/a "Jaime Colon,"    : | |
|   a/k/a "Jaime Rodriguez," | |
|                : | |
|        Defendant. | |

- - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    Anastasia Cioni, being duly sworn, deposes and says
that she is a Special Agent with the Federal Bureau of
Investigation ("FBI"), and charges as follows:

<u>COUNT ONE</u>

    On or about July 28, 2008, RAUL REYES, the defendant,
unlawfully, willfully, and knowingly, by force and violence, and
by intimidation, did take and attempt to take, from the person
and presence of another, property and money and other things of
value belonging to, and in the care, custody, control, management
and possession of a bank, the deposits of which were then insured
by the Federal Deposit Insurance Corporation, and did assault and
put in jeopardy the lives of such persons by the use of a
dangerous weapon, to wit, REYES stole approximately $14,000 from
a branch of Chase Bank located at 2065 2nd Avenue, New York, New
York 10029, by handing a bag to a bank employee, demanding that
the bank employee put money into the bag and informing the
employee that he had an explosive device in his bag.

(Title 18, United States Code, Sections 2113(a) and (d).)

      The bases for my knowledge and the foregoing charge are, in part, as follows:

      1.  I am a Special Agent with the Federal Bureau of Investigation ("FBI") and I am a member of the Joint Bank Robbery Task Force which includes members of the New York Police Department ("NYPD") and other law enforcement officers (the "Task Force"). I have been personally involved in the investigation of these matters, and I base this affidavit on that personal experience, as well as on my conversations with other individuals, including other law-enforcement agents and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the offense cited above, it does not include all of the facts that have been learned during the course of the investigation. Where the contents of documents or materials and the actions, statements, and conversations of others are presented herein, they are reported in substance and in part, except where otherwise indicated.

      2.  From a bank service representative ("Service Representative-1") at a branch of Chase Bank located at 2065 2nd Avenue, New York, New York 10029 (the "Chase Bank"), I learned the following:

      a.  On July 16, 2008, a man who identified himself as RAUL REYES, the defendant, came into the Chase Bank inquiring about opening a business account. REYES stated that he had just moved to New York and was seeking a business loan. REYES provided Service Representative-1 with telephone number 786-337-3968 as a contact number. REYES made an appointment to return to Chase Bank on July 17, 2008 but did not appear on that date.

      b.  On July 27, 2008, at around 3:00 p.m., REYES called Service Representative-1 on her cellular telephone. REYES told Service Representative-1 that he would be coming to the Chase Bank on July 28, 2008 with a lot of money and stated that she should advise her manager of his plan.

      c.  On July 28, 2008, at approximately 10:00 a.m., REYES came into the Chase Bank with a gym bag. REYES stated to Service Representative-1 that he had approximately $450,000.00 in cash in his gym bag. Service Representative-1 asked REYES for his business documents to process the account. While at Service Representative-1's desk, REYES opened the gym bag and Service

Representative-1 saw that the bag did not contain any money. REYES pulled a box out of his gym bag and placed it on Service Representative-1's desk. REYES told Service Representative-1 that he sold jewelry and as he opened the box to show the contents to Service Representative-1, REYES stated that the box contained a bomb. REYES told Service Representative-1 in sum and substance: "Don't try to do anything. You will be the first to blow up." REYES also stated that he had "people" outside the Chase Bank to aid him in case something went wrong. REYES told Service Representative-1 to call over the bank manager ("Bank Manager"). The Bank Manager came over to Service Representative-1's desk and REYES advised the Bank Manager that the box on Service Representative-1's desk was a bomb and that the Bank Manager should fill the gym bag with money.

        d.    The Bank Manager and another bank employee ("Service Representative-2") took the bag into the back of the bank. REYES stayed at Service Representative-1's desk and told Service Representative-1 not to move. A short time later, the Bank Manager and Service Representative-2 returned and placed the gym bag into the turnstile at the teller counter. REYES took the gym bag and fled the bank on foot. Before leaving the Chase Bank, REYES attempted to take Service Representative-1 with him.

        3.    From Service Representative-2 I learned that once inside the vault, Service Representative-2 put money into the gym bag. After leaving the vault, Service Representative-2 passed the bag through the window to RAUL REYES, the defendant.

        4.    From the Bank Manager, I learned that after the robbery, a count of the vault inventory indicated that approximately $14,000 had been stolen.

        5. On August 6, 2008, Service Representative-1 was shown a six-person photographic array and positively identified the individual in photograph number one as the person who robbed the bank on July 28, 2008. The individual in photograph number one is RAUL REYES, the defendant.

        6. On August 6, 2008, Service Representative-2 was shown a six-person photographic array and positively identified the individual in photograph number one as the person who robbed the bank on July 28, 2008. The individual in photograph number one is RAUL REYES, the defendant.

7.    Based on my training and experience and my review of reports in this matter, I know that deposits at Chase Bank are insured by the Federal Deposit Insurance Corporation.

WHEREFORE, the deponent respectfully requests that RAUL REYES, the defendant, be arrested, imprisoned, or bailed, as the case may be.

ANASTASIA CIONI
Special Agent
Federal Bureau of Investigation

Sworn to before me this
11th day of August, 2008

HON. HONORABLE HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4

A-10



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___OCT 1 0 2008___

UNITED STATES OF AMERICA

    - v. -                :         08 Cr.

RAUL REYES,
     a/k/a "Rauli Reyes,"
     a/k/a "Raoul Reyes,"              :
     a/k/a "Raul Vasquez Reyes,"
     a/k/a "Rico Reyes,"                :
     a/k/a "Paul Reyes,"
     a/k/a "Jaime Colon,"                :
     a/k/a "Jaime Rodriguez,"

                                  :

              Defendant.

                                  :
- - - - - - - - - - - - - - - - - x

**08 CRIM 988**

INDICTMENT

<u>COUNT ONE</u>

         The Grand Jury charges:

         On or about July 28, 2008, in the Southern District of New York, RAUL REYES, the defendant, unlawfully, willfully, and knowingly, by force and violence, and by intimidation, did take, and attempt to take, from the person and presence of another, property and money and other things of value belonging to, and in the care, custody, control, management and possession of a bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and did assault and put in jeopardy the life of a person by the use of a dangerous weapon and device, to wit, REYES took approximately $14,000 from a branch of Chase Bank

located at 2065 2nd Avenue, New York, New York 10029, after
threatening a bank employee with an explosive device.

(Title 18, United States Code, Sections 2113(a) and (d).)

_____                    _____
FOREPERSON                                  MICHAEL J. GARCIA
                                            United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RAUL REYES,

Defendant.

## INDICTMENT

08 Cr.

(18 U.S.C. § 2113(a) and (d))

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

*Deborah Madigan*
Foreperson.

*Indictment filed, cause assigned to Judge Preska*

*F. Maas, USMJ*

1

96i2reyc kjc

**U S DISTRICT COURT FILED AUG -5 2009 S D OF N.Y.**

1  UNITED STATES DISTRICT COURT
2  SOUTHERN DISTRICT OF NEW YORK
   ------------------------------x
3  UNITED STATES OF AMERICA,                New York, N.Y.
4            v.                             08 Cr. 983(LAP)
5  RAUL REYES,
6            Defendant.                     DOC # 6
7  ------------------------------x

8
9                                          June 18, 2009
                                           4:40 p.m.

10
   Before:
11
                    HON. LORETTA A. PRESKA,
12
                                           Chief Judge
13

14

15

16                     APPEARANCES

17  LEV L. DASSIN
         Acting United States Attorney for the
18       Southern District of New York
    BY:  BRIAN JACOBS
19       Assistant United States Attorney

20  STEVEN STATSINGER
         Attorney for Defendant
21

22  ALSO PRESENT:

23  Detective Hilda Alequin, NYPD

24

25

96i2reyc kjc

1          THE COURT:  United States v. Raul Reyes.  Is the
2    government ready?
3          MR. JACOBS:  Yes, your Honor.  Good afternoon.  Brian
4    Jacobs for the government, standing in for Jen Burns.
5          THE COURT:  Good afternoon.
6          And is the defense ready?
7          MR. STATSINGER:  Yes.  Steven Statsinger, Federal
8    Defenders, good afternoon.
9          THE COURT:  Good afternoon, Mr. Statsinger.  Long time
10   no see.
11         MR. STATSINGER:  It has been.  Nice to see you.
12         THE COURT:  You, too.
13         Mr. Reyes, would you stand and raise your right hand.
14   Do you solemnly swear or affirm -- no, I'm not doing that, I'm
15   sorry.
16         Have you received a copy of the indictment against
17   you, 08 Cr. 983?
18         THE DEFENDANT:  Yes, ma'am.
19         THE COURT:  Have you gone over it with your attorney?
20         THE DEFENDANT:  Yes, ma'am.
21         THE COURT:  Has your attorney explained to you the
22   charge against you?
23         THE DEFENDANT:  Yes, ma'am.
24         THE COURT:  Would you like me to read the indictment
25   out loud here in court or is it sufficient that you have

96i2reyc kjc

1   reviewed it with Mr. Statsinger?

2           THE DEFENDANT:  I already read it with him.

3           THE COURT:  How do you now plead?

4           THE DEFENDANT:  Not guilty.

5           THE COURT:  Thank you.  Won't you be seated.

6           Where do we stand with respect to discovery, please,

7   Mr. Jacobs?

8           MR. JACOBS:  Your Honor, the government requests two

9   weeks to complete discovery.

10          THE COURT:  Could you give us some insight as to what

11  the nature of the discovery might be, please.

12          MR. JACOBS:  My understanding from Ms. Burns is that

13  it is not voluminous.  It consists of documents reflecting

14  photo arrays as well as bank records, forensic evaluations.

15          THE COURT:  Mr. Statsinger, sight unseen, when would

16  you like to return?  Do I understand you want to come back on

17  July 15?

18          MR. STATSINGER:  That's right, your Honor.  I will

19  either -- I don't know what will happen that day.  We might

20  have a disposition, we might set a motion schedule, might set a

21  trial date, but that seems like a reasonable date.

22          THE COURT:  We will do one of those three things.

23          MR. STATSINGER:  Great.

24          THE COURT:  July 15 at 11 a.m.

25          Please, Mr. Jacobs.

96i2reyc kjc

1          MR. JACOBS:  Yes, your Honor?

2          THE COURT:  Does the government have an application

3     with respect to time?

4          MR. JACOBS:  Yes, your Honor.  The government requests

5     that time be excluded in the interests of justice so that the

6     defense has the opportunity to review the discovery the

7     government will shortly produce and the parties can discuss the

8     disposition of the matter.

9          MR. STATSINGER:  No objection to that, your Honor.

10         THE COURT:  All right.  In order to permit all of

11    those activities to take place, time between today and July 15

12    is excluded from calculation under the Speedy Trial Act in the

13    interests of justice.

14         MR. STATSINGER:  But wait, your Honor, there is more.

15    This is Mr. Reyes's first appearance before a judicial officer

16    in this district.

17         THE COURT:  Yes, sir.

18         MR. STATSINGER:  I think the court should advise him

19    of his rights to counsel and to remain silent.  And somewhere

20    in that half of the room there is a financial affidavit.  I

21    would ask the court to review it and, if it's acceptable,

22    appoint our office to represent Mr. Reyes.

23         THE COURT:  Yes, indeed.

24         Mr. Reyes, at this time I will ask you to stand and

25    raise your right hand.

96i2reyc kjc

1        Do you solemnly swear or affirm that the answers you
2   have given in this financial affidavit are true and complete?
3        THE DEFENDANT:  Yes, ma'am.
4        THE COURT:  And is that your signature down there on
5   the bottom, sir?
6        THE DEFENDANT:  Yes, ma'am.
7        THE COURT:  And this is dated June 18, 2009.  Thank
8   you.
9        Mr. Reyes, as you know, you have the right to remain
10   silent.  Anything you say may be used against you.  You have
11   the right to counsel.  If you cannot afford counsel, counsel
12   will be appointed to represent you free of charge.
13        In reviewing Mr. Reyes's affidavit, it seems clear
14   that he qualifies for the appointment of counsel; and
15   Mr. Statsinger, I take it you are that counsel.
16        MR. STATSINGER:  I'm the man.  Thank you.
17        THE COURT:  You are appointed.
18        Is there anything else today?
19        MR. STATSINGER:  Yes, there is, your Honor.
20        THE COURT:  Yes, sir.
21        MR. STATSINGER:  Mr. Reyes does have the right to seek
22   to be released on bail at this proceeding; however, he is
23   serving another sentence rendering that issue moot, so we would
24   consent to an order of detention.
25        THE COURT:  So ordered.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

96i2reyc kjc

1          Anything else?

2          MR. JACOBS:  No, your Honor.  Just so that the record

3   is complete, I advise the court that Mr. Reyes arrived in this

4   district yesterday in the evening via airlift on a writ from

5   Puerto Rico.

6          THE COURT:  Very good.

7          MR. STATSINGER:  Nothing further.

8          THE COURT:  Thank you, counsel.  Stay dry.

9          MR. JACOBS:  Thank, your Honor.

10          THE COURT:  Good afternoon.

11                              - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

97FHREYC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4                    v.                          08 Cr. 983 (LAP)

5  RAUL REYES,

6                    Defendant.

7  ------------------------------x

8
                                New York, N.Y.
9                               July 15, 2009
                                11:10 a.m.
10
   Before:
11
                       HON. LORETTA A. PRESKA,
12
                                            Chief Judge
13
                            APPEARANCES
14
   LEV L. DASSIN
15      Acting United States Attorney for the
        Southern District of New York
16 JENNIFER BURNS
        Assistant United States Attorney
17
   STEVEN STATSINGER
18      Attorney for Defendant

19

20

21

22

23

24

25

97FHREYC

| | |
|---|---|
| 1 | (In open court) |
| 2 | THE COURT:  United States v. Raul Reyes. |
| 3 | Is the government ready? |
| 4 | MS. BURNS:  Yes, your Honor.  Good morning.  Jennifer |
| 5 | Burns for the government. |
| 6 | THE COURT:  Good morning. |
| 7 | Is the defense ready? |
| 8 | MR. STATSINGER:  Yes.  Good morning, your Honor. |
| 9 | Steven Statsinger, Federal Defenders. |
| 10 | THE COURT:  Good morning. |
| 11 | Where do we stand, counsel? |
| 12 | MR. STATSINGER:  Well, your Honor, discovery has been |
| 13 | provided, at least the bulk of it.  There may be a few stray |
| 14 | items. |
| 15 | THE COURT:  Yes, sir. |
| 16 | MR. STATSINGER:  The parties have been having some |
| 17 | very productive discussions about a potential resolution for |
| 18 | the case.  That does involve tracking down some relatively |
| 19 | remote, both in terms of time and distance, records with |
| 20 | respect to Mr. Reyes' criminal history. |
| 21 | THE COURT:  Yes, sir. |
| 22 | MR. STATSINGER:  In light of that we would ask the |
| 23 | court for 45 days, which is slightly, perhaps, longer than |
| 24 | usual, to continue our negotiations. |
| 25 | THE COURT:  How is September 2 at 11:30, friends? |

97FHREYC

1        MR. STATSINGER:  That is fine for us.  Thank you.

2        MS. BURNS:  And for the government, your Honor.  Thank

3   you.

4        THE COURT:  Yes, ma'am.  Ms. Burns.

5        MS. BURNS:  Your Honor, the government requests time

6   be excluded pursuant to the Speedy Trial Act to allow the

7   parties to continue to engage in discussions regarding a

8   possible disposition and also to produce any remaining

9   discovery that may exist.

10        MR. STATSINGER:  No objection, your Honor.

11        THE COURT:  In order to permit counsel to continue

12   those discussions, time between today and September 2 is

13   excluded from calculations under the Speedy Trial Act in the

14   interest of justice.

15        Anything else today, friends?

16        MS. BURNS:  No, your Honor.  Thank you.

17        MR. STATSINGER:  Nothing further.  Thanks very much,

18   Judge.

19        THE COURT:  Thank you.  Good to see you, all.

20        Thank you, Mr. Marshal.

21        (Adjourned)

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1

9927reyc

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4               v.                          08 Cr. 983

 5   RAUL REYES,

 6                    Defendant.

 7   ------------------------------x

 8                                    September 2, 2009
                                      11:30 a.m.
 9

10   Before:

11              HON. LORETTA A. PRESKA,
                              District Judge
12

13                         APPEARANCES

14   PREET BHARA
          United States Attorney for the
15        Southern District of New York
     BY:  JANIS ECHENBERG
16        Assistant United States Attorney

17   STEVEN STATSINGER
          Attorney for Defendant

18

19

20

21

22

23

24

25

9927reyc

1          (Case called)

2          (In open court)

3          THE COURT:  Good morning, ladies and gentlemen.  Won't

4    you be seated.  Good morning.

5          MS. ECHENBERG:  Good morning, your Honor.  Janis

6    Echenberg, and I am standing in for AUSA Jennifer Burns.

7          THE COURT:  Thank you.  Is the defense ready?

8          MR. STATSINGER:  Yes.  Steven Statsinger, Federal

9    Defenders.  Good morning, your Honor.

10         THE COURT:  I do correctly understand that you need

11   more time?

12         MR. STATSINGER:  We do.  I also want to introduce

13   Annie Millman.  She is a law school intern working in our

14   office.

15         THE COURT:  Where do you go to school?

16         MR. WOLFSON:  NYU.

17         THE COURT:  Excellent.

18         MR. STATSINGER:  The parties do need time.  As we have

19   remarked at every prior pretrial conference in this case,

20   piecing together the precise and correct details of Mr. Reyes'

21   criminal history has been something of a challenge.

22         It is my understanding that Ms. Burns, the prosecutor

23   on the case, has just received certified copies of the records

24   that we needed from Puerto Rico.  On a parallel track we have

25   been in discussions about whether this case would proceed by

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

9927reyc

1    way of plea agreement or Pimintel letter, but I think those

2    documents will help seal that as well.

3         THE COURT:  I do correctly understand you would like

4    to come back on September 29 at 4:30?

5         MR. STATSINGER:  Exactly.

6         MS. ECHENBERG:  That's correct, your Honor.  And I

7    concur with what's been said.

8         THE COURT:  And with respect to time?

9         MS. ECHENBERG:  I would ask that time be excluded so

10   that the parties can continue to come to a disposition in this

11   case and that additional discovery can be produced and the

12   defendant can review that discovery.

13        MR. STATSINGER:  No objection, your Honor.

14        THE COURT:  Very well, then.  Time is excluded between

15   today and September 29 in the interests of justice.  Anything

16   else?

17        MS. ECHENBERG:  No, your Honor.

18        THE COURT:  Thank you, friends.

19        MR. STATSINGER:  Thank you.

20        THE COURT:  Nice to see you.

21        MR. STATSINGER:  Nice to see you.

22        (Adjourned to September 29, 2009 at 4:30 p.m.)

23

24

25



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 26, 2009

**BY FACSIMILE**

Steven M. Statsinger, Esq.
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007

    Re: **United States v. Raul Reyes,**
       **08 Cr. 983 (LAP)**

Dear Mr. Statsinger:

    This document is not a plea agreement.  Rather, pursuant to the suggestion of the Court in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the present position of the Office of the United States Attorney for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to this case.  This analysis is set forth for informational purposes only, and forms no part of any plea agreement between the Office and Raul Reyes (the "defendant").

    The Indictment charges the defendant in one count.  Count One charges the defendant with bank robbery, in violation of Title 18, United States Code, Section 2113(a) and (d).  Count One carries a maximum sentence of 25 years' imprisonment, a maximum fine of $250,000; a maximum term of three years' supervised release; and a mandatory $100 special assessment.

    The Government presently believes that the Guidelines apply to the crime charged as follows:

  A.  **Offense Level**

    1.  The applicable sentencing guideline to the offense charged in Count One is U.S.S.G. § 2B3.1.  Pursuant to U.S.S.G. § 2B3.1(a), the base offense level is 20.

    2.  Pursuant to U.S.S.G. § 2B3.1(b)(1), the base offense level is increased by two (2) levels because the property of a financial institution was taken.

FROM :                    FAX NO. :12126372390          Oct. 28 2009 10:01HM P 5

Steven M. Statsinger, Esq.
October 26, 2009
Page

3.  Pursuant to U.S.S.G. § 2B3.1(b)(2)(E), the base offense level is increased by three (3) levels because the defendant brandished a dangerous weapon. The defendant presented what he represented was a bomb. The box had wires and electrical tape which created the impression that the object was capable of inflicting death or serious bodily injury; i.e., the defendant told the bank employees that the box was a bomb and that he would blow them up.

4.  Two additional levels are added pursuant to U.S.S.G. § 2B3.1(b)(2)(F) because a threat of death was made during the offense.

5.  Pursuant to U.S.S.G. § 2B3.1(b)(4)(B), the base offense level is increased by two (2) levels because the defendant physically restrained a person to facilitate his escape.

6.  Pursuant to U.S.S.G. § 2B3.1(b)(7)(B), one level is added because the defendant took more than $10,000.

In accordance with the above, the applicable Guidelines offense level is 30.

**Career Offender Adjustment**

7.  Pursuant to U.S.S.G. § 4B1.1(a), the defendant is a career offender because (1) he was at least eighteen years old at the time he committed the instant offense; (2) the instant offense charged in Count One is a felony that is a crime of violence; and (3) the defendant has at least two prior felony convictions for crimes of violence, to wit, a conviction on or about May 3, 2005, of Battery on a Law Enforcement Officer, a Third Degree felony, in violation of Florida Penal Law Section 784.07, in the Thirteenth Judicial Circuit Court,[1] and a conviction on or about May 3, 2005, of Robbery, a Second Degree felony, in violation of Florida Penal Law Section 812.13, in the Thirteenth Judicial Circuit Court. Because Title 21, United States Code, Section 2113(d) carries a maximum sentence of 25

---

[1]    See, e.g., United States v. Suarez, 214 Fed. Appx.. 937, 939 (11th Cir. 2007) (finding that battery on a law enforcement officer is a crime of violence for purposes of U.S.S.G. § 4B1.1); United States v. Glover, 431 F.3d 744, 749 (11th Cir. 2005) (holding that a conviction for battery on a law enforcement officer is a crime of violence under the federal sentencing guidelines).

Steven M. Statsinger, Esq.
October 26, 2009
Page 3

years' imprisonment, the defendant's "career offender" offense level is 34 pursuant to U.S.S.G. § 4B1.1(b)(B).

8.    Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional one-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 31.

**B.    Criminal History Category**

Based upon the information now available to this Office, the defendant has thirty-one criminal history points, calculated as follows:

1. The defendant was convicted on or about July 18, 1990, of Robbery, in Jasper County Court, South Carolina, and was sentenced to a term of one year to six years' imprisonment. Pursuant to U.S.S.G. § 4A1.2(e), no criminal history points are added.[2]

2. The defendant was convicted on or about July 7, 1995, of Aggravated Battery, a First Degree felony, in violation of Florida Penal Law Section 784.045, in the Thirteenth Judicial Circuit Court, and was sentenced to four (4) years' probation. Pursuant to U.S.S.G. § § 4A1.2(e), no criminal history points are added.

3. The defendant was convicted on or about June 26, 2002, of Criminal Facilitation in the Fourth Degree, in violation of New York Penal Law Section 115.00, a Class A Misdemeanor, in New York County Criminal Court. Defendant's sentence for this offense is pending. Pursuant to U.S.S.G. § 4A1.2(a)(4), one criminal history point is added.

---

[2]    The Government is awaiting information from the Jasper County correctional facility to determine whether the defendant was incarcerated on this offense during the fifteen year period leading up to the current offense. If defendant was incarcerated during that period, Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), three criminal history points will be added.

FROM :                          FAX NO. :12126372390          Oct. 28 2009 10:02AM P 5

Steven M. Statsinger, Esq.
October 26, 2009
Page 4

4. The defendant was convicted on or about May 3, 2005, of Robbery, a Second Degree felony, in violation of Florida Penal Law Section 812.13, in the Thirteenth Judicial Circuit Court, and sentenced to 23 months' imprisonment to be followed by three (3) years' probation. The defendant was convicted on or about April 2, 2007, for violating the terms of his probation and was sentenced to one year, six months' imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(k)(1), three criminal history points are added.

5. The defendant was convicted on or about May 3, 2005, of Battery on a Law Enforcement Officer, a Third Degree felony, in violation of Florida Penal Law Section 784.07, in the Thirteenth Judicial Circuit Court, and sentenced to 23 months' imprisonment to be followed by three (3) years' probation. Pursuant to U.S.S.G. § 4A1.1(a), three criminal history points are added.[3]

6. The defendant was arrested on or about September 26, 2001 (Case: JSC2002G0149) and convicted on or about January 28, 2009, of a controlled substance offense in violation of Article 404 of the Penal Code of Puerto Rico, which resulted in a sentence of two years' imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a), three criminal history points are added.

7. The defendant was arrested on or about February 24, 2001 (Case: JPD2002G0132) and convicted on or about March 10, 2009, in violation of Article 173 of the Penal Code of Puerto Rico, which resulted in a sentence of twelve years' imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a), three criminal history points are added.

8. The defendant was arrested on or about April 18, 2001 (Case: JPD2001G373) and convicted on or about March 10, 2009, in violation of Article 18 of the Vehicle Law of Puerto Rico, which resulted in a sentence of six years' imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a), three criminal history points are added.[4]

9. The defendant was arrested on or about April 18, 2001 (Case: JPD2001G-371) and convicted on or about March 12, 2009, of Home Robbery in violation of Article 198 of the Penal Code of Puerto Rico, which resulted in a sentence of twelve years' imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a), three criminal history points are added.

---

[3]     Because the convictions set forth in paragraphs 4 and 5 are separated by an intervening arrest, September 6, 2003 and April 12, 2004 respectively, the sentences are counted separately pursuant to U.S.S.G. § 4A1.2(a)(2).

[4]     Because the convictions set forth in paragraphs 7 and 8 are separated by an intervening arrest, February 24, 2001 and April 18, 2001 respectively, the sentences are counted separately pursuant to U.S.S.G. § 4A1.2(a)(2).

FROM :                                FAX NO. :12126372390                Oct. 28 2009 10:02AM P 6

Steven M. Statsinger, Esq.
October 26, 2009
Page 5

10.  The defendant was arrested on or about October 25, 2008 (Case: JBD2009G0024) and convicted on or about March 26, 2009, of Robbery in violation of Article 198 of the Penal Code of Pucrto Rico, which resulted in a sentence of three years' and one day imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2), three criminal history points are added.

11.  The defendant was arrested on or about October 25, 2008 (Case: JBD2009G0033) and convicted on or about March 26, 2009, of Robbery in violation of Article 198 of the Penal Code of Puerto Rico, which resulted in a sentence of three years' and one day imprisonment.  Pursuant to U.S.S.G. § 4A1.2(a)(2)(B), no criminal history points are added.

12.  The defendant was arrested on or about October 25, 2008 (Case No.JLA2009G0031) and convicted on or about March 26, 2009, of Illegal Possession of a Weapon, in violation of Article 5.04 of the Weapons Law of Puerto Rico, which resulted in a sentence of five years' imprisonment.  Pursuant to U.S.S.G. § 4A1.2(a)(2)(B), no criminal history points are added.[5]

13.  The defendant was arrested on or about November 8, 2008 (Case: JBD20090021) and convicted on or about March 26, 2009, of Robbery in violation of Article 198 of the Penal Code of Puerto Rico, which resulted in a sentence of three years' and one day imprisonment.  Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2), three criminal history points are added.

14.  The defendant was arrested on November 9, 2008 (Case: JBD2009G0035) and convicted on or about March 26, 2009, of Robbery in violation of Article 198 of the Penal Code of Puerto Rico, which resulted in a sentence of three years' and one day imprisonment.  Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2), three criminal history points are added.[6]

15.  The defendant was arrested on or about November 12, 2008 (Case: JBD2009G0025) and convicted on or about March 26, 2009, of Robbery in violation of Article 198 of the Penal Code of Puerto Rico, which resulted in a sentence of three years' and one day imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2), three criminal history points are added.

---

[5]     Because the convictions set forth in paragraphs 10 through 12 were imposed on the same day, the sentences are counted a single sentence  U.S.S.G. § 4A1.2(a)(2)(B).

[6]     Because the convictions set forth in paragraphs 13 through 15 are separated by intervening arrests, the sentences are counted separately pursuant to U.S.S.G. § 4A1.2(a)(2).

Steven M. Statsinger, Esq.
October 26, 2009
Page 6

Because the defendant previously was convicted of two or more "crimes of violence," his Criminal History Category is VI pursuant to U.S.S.G. § 4B1.1(b).

In accordance with the above, the defendant's Criminal History Category is VI.

**C.      Sentencing Range**

Based upon the calculations set forth above, the defendant's Sentencing Guidelines range is 188-235 months' imprisonment, because his Criminal History Category is VI and his Offense Level is 31.

In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines offense level 31, the applicable Guidelines fine range is $15,000 to $150,000.

The foregoing Guidelines calculation is based on facts and information presently known to the Office. Nothing in this letter limits the right of this Office to change its position at any time as to the appropriate Guidelines calculation in this case, and to present to the sentencing Judge and/or Probation Department, either orally or in writing, any and all facts and arguments relevant to sentencing, and to the defendant's criminal history category, that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to take a position on any departure that may be suggested by the sentencing Judge, the Probation Department, or the defendant.

Further, this letter does not and cannot bind either the Court or the Probation Department, either as to questions of fact or as to determinations of the correct Guidelines to apply in this case. Instead, the sentence to be imposed upon the defendant is determined solely by the sentencing Judge. This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

Very truly yours,

PREET BHARARA
United States Attorney

By:   _Jennifer Burns_

Jennifer E. Burns
Assistant United States Attorney
(212) 637-2315

01rWreyP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        08 CR 983 (LAP)

5   RAUL REYES,

6              Defendant.

7   ------------------------------x

8                                   New York, N.Y.
                                    January 27, 2010
9                                   11:20 a.m.

10

11  Before:

12              HON. LORETTA A. PRESKA,

                                    District Judge
13

14                      APPEARANCES

15

16  PREET BHARARA
        United States Attorney for the
17          Southern District of New York
    JENNIFER E. BURNS
18      Assistant United States Attorney

19  STEVEN STATSINGER
        Attorney for Defendant

20

21

22

23

24

25

01rWreyP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          08 CR 983 (LAP)

5   RAUL REYES,

6                  Defendant.

7   ------------------------------x

8                                     New York, N.Y.
                                      January 27, 2010
9                                     11:20 a.m.

10

    Before:
11
                    HON. LORETTA A. PRESKA,
12
                                          District Judge
13

14
                        APPEARANCES
15
    PREET BHARARA
16       United States Attorney for the
         Southern District of New York
17  JENNIFER E. BURNS
         Assistant United States Attorney
18
    STEVEN STATSINGER
19       Attorney for Defendant

20

21

22

23

24

25

01rWreyP

1   (Case called)

2        THE COURT:  Good morning, ladies and gentlemen.  Won't

3   you be seated.  Is the government ready?

4        MS. BURNS:  Yes, your Honor.  Jennifer Burns, for the

5   government.

6        MR. STATSINGER:  Steven Statsinger, for the defendant.

7   Good morning, your Honor.

8        THE COURT:  Do I correctly understand that Mr. Reyes

9   wishes to change his plea?

10        MR. STATSINGER:  He does, your Honor, from not guilty

11   to guilty.

12        THE COURT:  Mr. Reyes, would you stand and raise your

13   right hand.

14        THE DEFENDANT:  Good morning, your Honor.

15        THE COURT:  Good morning, your Honor.

16        (Defendant sworn)

17        THE COURT:  Do you understand that you are now under

18   oath and if you answer my questions falsely, your answers may

19   later be used against you in a prosecution for perjury or the

20   making of a false statement?

21        THE DEFENDANT:  Yes, ma'am.

22        THE COURT:  How old are you, sir?

23        THE DEFENDANT:  37.

24        THE COURT:  Where were you born?

25        THE DEFENDANT:  Puerto Rico.

01rWreyP

1           THE COURT:  So you're a citizen of the United States?

2           THE DEFENDANT:  Yes, ma'am.

3           THE COURT:  And you read, write, speak and understand

4     English, correct?

5           THE DEFENDANT:  Yes, ma'am.

6           THE COURT:  How far did you go in school, sir?

7           THE DEFENDANT:  Tenth grade.

8           THE COURT:  Are you currently or have you recently

9     been under the care of a doctor or a psychiatrist?

10           THE DEFENDANT:  No, ma'am.

11           THE COURT:  Have you been hospitalized or treated

12     recently for alcoholism, narcotic addiction, or any other type

13     of drug abuse?

14           THE DEFENDANT:  No, ma'am.

15           THE COURT:  Have you ever been treated for any form of

16     mental illness?

17           THE DEFENDANT:  No, ma'am.

18           THE COURT:  Are you currently under the influence of

19     any substance, such as alcohol, drugs, or any medication that

20     might affect your ability to understand what you're doing here

21     in court today?

22           THE DEFENDANT:  No, ma'am.

23           THE COURT:  Do you feel well enough to understand what

24     you're doing here in court today?

25           THE DEFENDANT:  Yes, ma'am.

4

01rWreyP

1        THE COURT:  Sir, have you received a copy of the

2    indictment against you?

3        THE DEFENDANT:  Yes, ma'am.

4        THE COURT:  And have you gone over it with your

5    attorney?

6        THE DEFENDANT:  Yes, ma'am.

7        THE COURT:  Has your attorney explained to you the

8    charge against you?

9        THE DEFENDANT:  Yes, ma'am.

10        THE COURT:  Counsel, do I correctly understand there

11    is no agreement between the government and the defendant?

12        MR. STATSINGER:  There is not, your Honor.

13        THE COURT:  Very well.

14        Mr. Reyes, have you been induced to offer to plead

15    guilty as a result of any fear, pressure, threat, or force of

16    any kind?

17        THE DEFENDANT:  No, ma'am.

18        THE COURT:  Have you been induced to offer to plead

19    guilty as a result of any statements by anyone to the effect

20    that you'd get special treatment or special leniency or some

21    kind of special consideration if you pleaded guilty rather than

22    going to trial?

23        THE DEFENDANT:  No, ma'am.

24        THE COURT:  And do you understand that you have the

25    right to continue in your plea of not guilty and proceed to

01rWreyP

1    trial?

2            THE DEFENDANT:  Yes, ma'am.

3            THE COURT:  Do you understand that if you do not plead

4    guilty, you have a right to a speedy and public trial by a jury

5    of 12 persons?

6            THE DEFENDANT:  Yes, ma'am.

7            THE COURT:  Do you understand that you have the right

8    to be represented by an attorney at trial and at every stage of

9    the proceedings, including an appeal, and, if you cannot afford

10   an attorney, one will be appointed to represent you free of

11   charge?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  Do you understand that if your plea of

14   guilty is accepted, there will be no further trial of any kind?

15           THE DEFENDANT:  Yes, ma'am.

16           THE COURT:  Do you understand that if you pleaded not

17   guilty and went to trial that upon such a trial, you would be

18   presumed innocent unless and until the government proved your

19   guilty beyond a reasonable doubt to all 12 jurors?

20           THE DEFENDANT:  Yes, ma'am.

21           THE COURT:  Do you understand that upon such a trial,

22   you would have the right to confront and cross-examine all of

23   the witnesses called by the government against you?

24           THE DEFENDANT:  Yes, ma'am.

25           THE COURT:  Do you understand that at such a trial,

01rWreyP

1   you would have the right to remain silent and no inference

2   could be drawn against you by reason of your silence, or, if

3   you wanted, you could take the stand and testify in your own

4   defense?

5         THE DEFENDANT:  Yes, ma'am.

6         THE COURT:  Do you understand that at such a trial,

7   you would have the right to subpoena witnesses and evidence for

8   your own defense?

9         THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  Do you understand that if your offer to

11  plead guilty is accepted, you give up these rights with respect

12  to this charge against you and the Court has the power to

13  impose sentence upon you just as though a jury had brought in a

14  verdict of guilty against you?

15         THE DEFENDANT:  Yes, ma'am.

16         THE COURT:  Do you understand that if you wanted to,

17  and if the government agreed, you could have a trial before a

18  judge without a jury in which event the burden of proof would

19  still be on the government and you would still have the same

20  constitutional rights?

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  And do you understand, sir, that upon your

23  plea of guilty to this charge, the Court has the power to

24  impose upon you a maximum sentence of 25 years' imprisonment, a

25  maximum fine of $250,000, a maximum period of supervised

01rWreyP

1   release of three years, and a mandatory special assessment of

2   $100?

3                THE DEFENDANT:  Yes, ma'am.

4                THE COURT:  Do you understand, sir, that if the terms

5   and conditions of supervised release are violated, you may be

6   required to serve an additional period of imprisonment, which

7   is equal to the period of supervised release, with no credit

8   for time already spent on supervised release?

9                THE DEFENDANT:  Yes, ma'am.

10                THE COURT:  Have you discussed the Sentencing

11   Guidelines with your attorney?

12                THE DEFENDANT:  Yes, ma'am.

13                THE COURT:  And do you understand that the Court will

14   not be able to determine exactly what guideline applies to your

15   case --

16                THE DEFENDANT:  Yes, ma'am.

17                THE COURT:  -- until after a presentence report has

18   been completed, and you and the government have a chance to

19   review the presentence report and to challenge whatever facts

20   are set out there by the probation officer?

21                THE DEFENDANT:  Yes, ma'am.

22                THE COURT:  Do you also understand, sir, that in

23   determining the sentence, it's the Court's obligation to

24   calculate the applicable Sentencing Guidelines range and then

25   to consider that range, possible departures from that range

01rWreyP

1    under the guidelines, and other sentencing factors set out in

2    the statute, 18, United States Code, Section 3553(a)?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  Do you understand that under some

5    circumstances either you or the government might have the right

6    to appeal whatever sentence is imposed?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  Do you understand, sir, that parole has

9    been abolished so if you're sentenced to prison, you will not

10   be released on parole?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  Do you understand also that you will not

13   be able to withdraw your plea on the ground if your lawyer's

14   prediction or anybody else's prediction as to the applicable

15   Sentencing Guidelines range or as to the actual sentence turns

16   out not to be correct?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  Do you understand the offense to which

19   you're pleading guilty is a felony?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  Are you fully satisfied, sir, with the

22   advice, counsel, and representation given to you by your

23   attorney, Mr. Statsinger?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  Do I correctly understand that you are

01rWreyP

1    offering to plead guilty because you are in fact guilty?

2        THE DEFENDANT:  Yes, ma'am.

3        THE COURT:  If you wish to plead guilty, sir, I'm

4    going to ask you to tell me what you did, and, as you can see,

5    your answers will be made in Mr. Statsinger's presence, and

6    your answers will be recorded on the record.  I remind you

7    again that you're still under oath, so if you answer falsely,

8    your answers may later be used against you.

9        Do you understand, sir?

10        THE DEFENDANT:  Yes, ma'am.

11        THE COURT:  And do you still wish to plead guilty?

12        THE DEFENDANT:  Yes, ma'am.

13        THE COURT:  Tell me what you did, Mr. Reyes.

14        THE DEFENDANT:  Your Honor, on July 28, 2008, I robbed

15    a Chase Bank branch in Manhattan.  In doing so, I used a threat

16    of force or violence and threatened a bank employee with what

17    appears to be an explosive device.  I took approximately

18    $14,000 from the bank.  I knew that my actions were illegal,

19    and I'm very sorry for what I did.

20        THE COURT:  Thank you, sir.

21        Is there anything further, Ms. Burns?

22        MS. BURNS:  No, your Honor.  The government would

23    proffer that Chase Bank is insured by the Federal Deposit

24    Insurance Corporation for the final element.

25        THE COURT:  Yes, ma'am.  And the government represents

01rWreyP

1   that it has sufficient evidence to make a prima facie case?

2         MS. BURNS:  Yes, your Honor.  By both documentary and

3   testimonial evidence.

4         THE COURT:  Thank you.

5         Mr. Statsinger, do you know of any valid legal defense

6   that would prevail if Mr. Reyes went to trial?

7         MR. STATSINGER:  I do not, your Honor.

8         THE COURT:  Do you know of any reason why he should

9   not plead guilty?

10         MR. STATSINGER:  I do not, your Honor.

11         THE COURT:  Very well then.  The plea is accepted.

12         It's the finding of the Court in the case of the

13   United States v. Raul Reyes that the defendant is fully

14   competent and capable of entering an informed plea and that his

15   plea of guilty is knowing and voluntary and is supported by an

16   independent basis in fact containing each and every essential

17   element of the offense.

18         My findings are based upon Mr. Reyes's allocution and,

19   in addition, upon my observations of him here in court today.

20   The plea of not guilty is withdrawn.  The plea of guilty is

21   accepted and shall be entered.  The defendant is now adjudged

22   to be guilty of the offense.

23         Mr. Reyes, as you know, you will be required to visit

24   with the probation officer and to give the officer certain

25   information to be included in the presentence report.

01rWreyP

1   Mr. Statsinger may be present with you when you visit with the

2   probation officer if you want, but certainly both you and he

3   and the government will have a chance to read the presentence

4   report prior to sentencing.

5           Sentencing will be on April 6 at 4 p.m.  Counsel.

6           MR. STATSINGER:  That's fine, your Honor.  Thank you.

7           MS. BURNS:  Thank you, your Honor.

8           THE COURT:  Is there anything else today, counsel?

9           MR. STATSINGER:  Not from the defense.

10          MS. BURNS:  Not from the government.

11          MR. STATSINGER:  Thank you very much, your Honor.

12          THE COURT:  Thank you, ladies and gentlemen.  Good

13  morning.  Good morning, sir.  Thank you, Mr. Marshal.

14          (Proceedings adjourned)

15

16

17

18

19

20

21

22

23

24

25

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

*Southern District of New York*
John J. Byrnes
*Attorney-in-Charge*

March 30, 2010

**BY HAND DELIVERY**

Hon. Loretta A. Preska
Chief United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:   United States v. Raul Reyes**
            **No. 08 Cr. 983 (LAP)**
            **Defendant's Sentencing Memorandum**

Dear Judge Preska:

        This letter is respectfully submitted in advance of Mr.
Reyes' sentencing, currently scheduled for Tuesday, April 6,
2010. For the reasons advanced below, particularly in light of
Mr. Reyes' unusually sad childhood and history of substance
abuse, the Court should sentence him to no more than 188 months'
imprisonment, and should order the federal sentence to run
concurrently with the undischarged term of imprisonment that Mr.
Reyes is currently serving.

**Background**

        Raul Reyes was born in Ponce, Puerto Rico, on February 8,
1972.  He had an extremely difficult upbringing. His father was a
"violent alcoholic" who was both physically and sexually abusive.
PSR at par. 101. As a result, he ran away from home with his
siblings when he was only thirteen years old.  He described his
childhood to the probation officer who interviewed him as "hell."

        Not surprisingly, Mr. Reyes left school in the eighth grade,
which was around the time that his father's abusive behavior
caused him to leave home. PSR at par. 113.

        Despite this tumultuous upbringing, Mr. Reyes has maintained
contact with his own children, Raul, age sixteen, Stephanie age
fifteen, and Josslyn age 19.

Hon. Loretta A. Preska
Chief United States District Judge

March 30, 2010
Page 2

**Re:  United States v. Raul Reyes**
      **No. 08 Cr. 983 (LAP)**

Mr. Reyes also has a long history of substance abuse. He began using heroin, sometimes heavily, when he was only sixteen or seventeen years old. He was still using it at the time of his arrest. He also has indicated that he drinks "excessively" at well.

**The Court Should Impose a Concurrent Sentence of No More Than 188 Months' Imprisonment**

Title 18 U.S.C. § 3553(a) requires the Court, after considering, in pertinent part, the defendant's history and characteristics, the seriousness of the offense and the recommendation of the advisory sentencing guidelines, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the statutory goals identified in § 3553(a)(2).

Here, in light of Mr. Reyes' truly horrific childhood, the Court should conclude that a sentence of no more than 188 months imprisonment will satisfy all of the relevant statutory considerations, even taking into account Mr. Reyes' criminal history and the seriousness of the offense.

Mr. Reyes is currently serving a thirteen-year sentence in Puerto Rico. His projected release date is in 2022. Under U.S.S.G. § 5G1.3(c), this Court has the discretion to run the federal sentence concurrently with Mr. Reyes' undischarged sentence. It should do so here. Since the likely federal sentence will be longer than the time remaining on the Puerto Rico sentence, the additional period of federal incarceration will represent a "reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c), comment. n.3(A).

Hon. Loretta A. Preska                          March 30, 2010
Chief United States District Judge                      Page 3

**Re:  United States v. Raul Reyes**
    **No. 08 Cr. 983 (LAP)**

**Conclusion**

    The Court should sentence Mr. Reyes to no more than 188
months' imprisonment, and should order the federal sentence to
run concurrently with Mr. Reyes' undischarged term of
imprisonment.

Respectfully submitted,

**STEVEN M. STATSINGER**
Assistant Federal Defender
(212) 417-8736

cc:

AUSA Jennifer Burns

Mr. Raul Reyes-Vazquez
Reg. No. 61643-054
MCC-New York

1

0471reys

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4              v.                    08-CR-983 (LAP)

5  RAUL REYES,

6              Defendant.           Sentencing

7  ------------------------------x

8                                   New York, N.Y.
                                    April 7, 2010
9                                   3:16 p.m.

10

   Before:
11
                   HON. LORETTA A. PRESKA,
12
                                    District Judge
13

14                   APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    AMANDA K. KRAMER
17       Assistant United States Attorney

18  FEDERAL DEFENDERS OF NY, INC.
         Attorneys for Defendant
19  BY:  STEVEN STATSINGER, ESQ.

20

21

22

23

24

25

0471reys

1          (In open court)

2          (Case called)

3          THE COURT:  Is the government ready?

4          MS. KRAMER:  Yes.  Good afternoon, your Honor.  Amanda

5    Kramer appearing on behalf of Jennifer Burns for the

6    government.

7          THE COURT:  Good afternoon.

8          And is the defendant ready?

9          MR. STATSINGER:  Yes.  Steven Statsinger from the

10   Federal Defenders office.  Good afternoon, your Honor.

11         THE COURT:  Good afternoon, Mr. Statsinger.

12   Mr. Statsinger, have you and your client had adequate time to

13   review the presentence report?

14         MR. STATSINGER:  Yes, we have, your Honor.

15         THE COURT:  And is there any reason it should not be

16   made part of the record?

17         MR. STATSINGER:  No, your Honor.

18         THE COURT:  Are there any objections to the

19   presentence report?

20         MR. STATSINGER:  No objections to the facts or the

21   guideline calculations, your Honor.

22         THE COURT:  Thank you, sir.

23         With respect to the offense level computation, I

24   accept the findings of the presentence report set forth at

25   paragraphs 36 through 49, which conclude that a total offense

0471reys

1   level of 31 is appropriate.

2        With respect to the defendant's criminal history, I

3   accept the findings of the presentence report set forth at

4   paragraphs 50 through 99, which conclude that a criminal

5   history category of VI is appropriate.

6        Mr. Statsinger, I have your letter dated March 30.

7   Are there any additional written materials I should be looking

8   at?

9        MR. STATSINGER:  No, your Honor.

10       THE COURT:  Would you like to speak on behalf of

11  Mr. Reyes.

12       MR. STATSINGER:  I would, your Honor.  I'd like to

13  begin by pointing out that he has two friends in court

14  supporting him.

15       THE COURT:  Good afternoon, ladies and gentlemen.

16       MR. STATSINGER:  They don't speak much English, but --

17  okay.  Your Honor, we fully recognize that this is an extremely

18  serious case, both in terms of the conduct and in terms of

19  Mr. Reyes' background.  No matter what happens here, Mr. Reyes

20  is going to be incarcerated for a very long time.  He is

21  currently serving a sentence in the Commonwealth of Puerto

22  Rico -- it's not a federal sentence -- that is set to expire in

23  something like 2022.  More than a decade left to run.  It's our

24  hope, Mr. Reyes is hoping particularly, that the Court will

25  impose a sentence in this case -- which is itself likely to be

0471reys

1    longer than the remainder of the Puerto Rican sentence.  It is

2    our request that the Court impose a federal sentence

3    concurrently or at least partially concurrently to the

4    undischarged term that Mr. Reyes is serving, for a number of

5    different reasons.

6        The first is that behind the string of very serious

7    activity is an unusually sad background, including sexual and

8    physical abuse, a history of substance abuse, a number of

9    issues that seem to be at least partially behind what has gone

10    on here but that one would hope, with the right kind of

11    treatment and counseling, could be ameliorated in some way.

12        The second thing is that -- and I think if he can

13    manage it, Mr. Reyes will tell you that himself today.  He

14    really doesn't want to continue robbing banks.  He wants to

15    find a way to reintegrate into the world and live out whatever

16    time he has left in a noncriminal way.  And I think that really

17    he'll just do better as an inmate if he has hope that there

18    will come a day when he will be released to the street so that

19    he can try to put his life back together.  I think that will

20    make him a better inmate, I think that will make him behave

21    better in prison.  There is some concern I have about inmates

22    who feel they have no hope of ever getting out.  They lose

23    their incentive to rehabilitate themselves, to participate in

24    programs, and to behave themselves while in prison.

25        So I hope that the Court will consider at least a

.0471reys

1    partially concurrent sentence in this case, whatever its

2    length. Certainly we think that a -- in terms of length, a

3    sentence no longer than that at the bottom of the range, which

4    the Supreme Court has told us in *Rita* is at least presumptively

5    accurate in terms of capturing the pertinent 3553(a) factors,

6    will be sufficient but not greater than necessary to satisfy

7    the statutory goals.

8        Thank you.

9        THE COURT:  Thank you, Mr. Statsinger.

10       Mr. Reyes, would you like to speak on your own behalf?

11       THE DEFENDANT:  No, ma'am.

12       THE COURT:  All right, sir.

13       Does the government wish to be heard?

14       MS. KRAMER:  Yes, your Honor.  Thank you.

15       The presentence report accurately reflects the

16   defendant's very long and very violent criminal history.  He's

17   a career offender because of his multiple crimes of violence

18   and appears to not have been deterred from committing these

19   violent crimes despite many separate terms of imprisonment that

20   he's served.

21       Just looking back, in 1994 he put a man in a coma and

22   shattered his jaw; in 2001, he committed a home invasion; in

23   2003, he committed a knifepoint robbery for $80; and in 2004,

24   he assaulted a corrections officer; and then, between 2006 and

25   the instant offense, committed a number of bank robberies with

0471reys

1    a very similar pattern as the one that he pleaded guilty to

2    with the hoax bomb in which he effectively terrorized these

3    bank employees and stole thousands of dollars.

4         While the Court certainly can consider, under 3553(a),

5    the defendant's upbringing, I just want to note that in his

6    interview with probation, as reflected in paragraph 111, that

7    the defendant advised probation that he does not feel that he

8    needs counseling for his severe heroin addiction and he denied

9    having any mental or emotional problems whatsoever.  So that

10   just seems informative of how much that really has impacted

11   what he's done and whether his behavior will change in the

12   future.

13        The probation office recommends a sentence in the

14   middle of the guidelines range of 200 months to run consecutive

15   to the sentence that the defendant is serving in Puerto Rico,

16   and the government respectfully urges the Court to sentence the

17   defendant to a sentence within the guidelines range and to

18   impose a consecutive sentence, which the Court may do under

19   3584, and in this case such a sentence would be sufficient but

20   not greater than necessary to achieve the legitimate objectives

21   of sentencing, especially in light of the defendant's very long

22   and violent criminal history.

23        Thank you.

24        THE COURT:  Thank you.

25        Mr. Statsinger, anything else?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

0471reys

1      MR. STATSINGER:  No.  Thank you, your Honor.

2      THE COURT:  Thank you.

3      Counsel, as you've heard, I have calculated the

4  guidelines and taken them into account.  The total offense

5  level accurately reflects the nature and circumstances of the

6  offense, which I note, because of the various enhancements,

7  does accurately reflect the hoax bomb and the like.

8      With respect to the history and characteristics of the

9  defendant, both counsel of course are correct that the main

10  driving force in the sentence is Mr. Reyes' very lengthy and

11  violent criminal history.  As the government has pointed out,

12  he has not been deterred by prior sentences of incarceration,

13  either short ones or long ones.  The violence involved has

14  continued over decades and thus, in my view, protecting the

15  public from further crimes of this defendant is the most

16  important sentencing factor to be addressed here.

17      Looking at the other paragraph 2 factors, of course a

18  lengthy sentence is required to reflect the seriousness of this

19  offense and is certainly required to provide public deterrence.

20      The paragraph D factors, are in my view, less

21  important, particularly in light of Mr. Reyes' expressed lack

22  of desire for any kind of counseling or the like.

23      I have taken into account the paragraph 3, 4, and 5

24  factors.

25      I don't think that there's a problem with unwarranted

0471reys

1    sentencing disparities here, and although restitution is an

2    issue, in light of even the current sentence that Mr. Reyes is

3    serving, I'm not sure restitution is really a practical issue

4    here.

5              Counsel, taking all of these factors into account, it

6    is my intention to sentence Mr. Reyes to 188 months'

7    incarceration, to run consecutive to the Puerto Rican sentence.

8    It is also my intention to impose a period of three years of

9    supervised release and to adopt the recommended special

10    conditions of supervised release of participation in a

11    substance abuse program and submission to a search.  It is my

12    intention to impose the restitution amount of $14,000 and to

13    adopt the standard terms and conditions of restitution as set

14    forth on page 38.  And it's my intention to impose the

15    mandatory $100 special assessment.

16              Counsel, is there any reason such a sentence should

17    not be imposed?

18              MS. KRAMER:  No, your Honor.

19              MR. STATSINGER:  No legal reason, your Honor.

20              THE COURT:  Thank you.

21              Mr. Reyes, you're sentenced, sir, to a period of 188

22    months of incarceration.  That period will run consecutive to

23    your current period of incarceration in the Commonwealth of

24    Puerto Rico.

25              Following release, you will spend a period of three

0471reys

1   years on supervised release.  You will comply with all of the

2   standard terms and conditions of supervised release.  Among

3   them are that you not commit another federal, state, or local

4   crime; you not illegally possess a controlled substance; and

5   you not possess a firearm or other destructive device.

6        In addition to those and all of the other standard

7   terms and conditions of supervised release, during that time

8   you'll participate in a program approved by the probation

9   officer for substance abuse, and that program will include

10  testing to determine whether you've reverted to the use of

11  drugs.  The Court authorizes the release of available drug

12  treatment evaluations and reports to the substance abuse

13  treatment provider as approved by the probation officer.  And,

14  sir, you might be required to contribute some or all of the

15  cost of that program, depending on your ability to pay and the

16  availability of third-party payments.

17       In addition, sir, during the period of supervised

18  release you'll submit your person, residence, place of

19  business, vehicle, or other premises under your control to a

20  search on the basis that the probation officer has reasonable

21  belief that contraband or evidence of a violation of the terms

22  of your release may be found there.  The search must be

23  conducted at a reasonable time and in a reasonable manner.

24  Failure to submit to such a search may be grounds for revoking

25  your supervised release.  It will be your obligation to inform

0471reys

1    other residents of the premises that the premises might be

2    subject to a search under this condition.

3         In addition, I impose the restitution amount of

4    $14,000.  That amount should be payable in monthly

5    installments, beginning 30 days from the entry of judgment.  If

6    you are engaged in the Bureau of Prisons' nonUNICOR work

7    program, you'll pay $25 per quarter toward the criminal

8    financial penalty.  If you participate in the Bureau of

9    Prisons' UNICOR work program at a grade 1 through 4, you'll pay

10   50 percent of your monthly UNICOR earnings toward the criminal

11   financial penalty consistent with Bureau of Prisons regulations

12   at 28 CFR Section 545.11.  Following release, you'll pay

13   10 percent of your gross monthly income toward the restitution

14   amount.  Those payments should be made to the Clerk of the

15   Court, United States District Court, 500 Pearl Street, New

16   York, New York.  Payments shall be made by the Clerk of the

17   Court periodically to the Chase Bank at the address set forth

18   in the presentence report.

19        And finally, sir, I must impose and do impose the

20   mandatory $100 special assessment, and that's to be paid

21   promptly.

22        It's my duty to inform you that unless you've waived

23   it, you have the right to appeal this sentence, and you might

24   have the right to appeal *in forma pauperis*, which means as a

25   poor person, with the waiver of certain fees and expenses.

0471reys

1          Counsel, is there anything further?

2          MS. KRAMER:  Not from the government, your Honor.

3     Thank you.

4          MR. STATSINGER:  Nothing further except, your Honor,

5     we're not exactly sure where Mr. Reyes is going next.  We think

6     he may just be sent back to the Commonwealth of Puerto Rico

7     whence he came, but he also has open cases in Florida.  He has

8     asked me to ask the Court to see if there is a way he could

9     remain in federal custody while he awaits transfer to wherever

10    he's supposed to go next.  I don't really think the Court has

11    any say in that, but I did promise him I would ask.

12         THE COURT:  It would certainly be the Court's

13    recommendation that he be permitted to stay in federal custody,

14    although I do agree with you, Mr. Statsinger, I don't think I

15    have any power to order that.

16         MR. STATSINGER:  All right.  I think we're both on the

17    same page, but thank you for recommending it, your Honor.

18         THE COURT:  Yes, sir.  Anything further?

19         MR. STATSINGER:  Nothing further.

20         THE COURT:  Thank you, counsel.  Good afternoon.

21         MS. KRAMER:  Thank you, your Honor.

22         THE COURT:  Good afternoon, sir.  Thank you,

23    Mr. Marshal.

24                         o0o

25

A-57

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN                    District of                    NEW YORK

UNITED STATES OF AMERICA                JUDGMENT IN A CRIMINAL CASE
            V.

RAUL REYES                          Case Number:        1:08CR00983-01 (LAP)

                                    USM Number:         61643-054

                                    Steven Statsinger
                                    Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)    One

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18USC2113(a) | Bank Robbery | 7/28/08 | One |

        The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)                              ☐ is      ☐ are  dismissed on the motion of the United States.
X Underlying          Any pending       ☐ is      X are  dismissed on the motion of the United States.
☐ Motion(s)                             ☐ is      ☐ are  denied as moot.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name,
residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered
to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 7, 2010
Date of Imposition of Judgment

_Loretta A. Preska_
Signature of Judge

Loretta A. Preska, Chief U.S.D.J.
Name and Title of Judge

_April 12, 2010_
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/10

A-58

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   7

DEFENDANT:        RAUL REYES
CASE NUMBER:      1:08CR00983-01 (LAP)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    188 MONTHS TO RUN CONSECUTIVE TO PONCE CENTRAL DISTRICT COURT, PR - CASE #'S - JBD2009G0024; JBD2009G0033; JLA2009G0031; JBD2009G0021; JBD2009G0035; JBD2009G0025; JSC2002G0149; JPD2002G0132; JPD2002G001373 AND JPD2001G-371

DEFENDANT ADVISED OF RIGHT TO APPEAL

X   The court makes the following recommendations to the Bureau of Prisons:
    That the defendant be permitted to stay in Federal Custody.

X   The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.  on _____.

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____.

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 2A — Imprisonment

Judgment—Page __3__ of __7__

DEFENDANT:        RAUL REYES
CASE NUMBER:      1:08CR00983-01 (LAP)

## ADDITIONAL IMPRISONMENT TERMS

1.  If the defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25 per quarter toward the criminal financial penalties.  However, if the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. §545.11.  Any payment made that is not payment in full shall be divided proportionateley among the persons named.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:        RAUL REYES
CASE NUMBER:      1:08CR00983-01 (LAP)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    **3 YEARS**

  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

  If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

| | | Judgment—Page 5 of 7 |
|---|---|---|

DEFENDANT: RAUL REYES
CASE NUMBER: 1:08CR00983-01 (LAP)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a substance abuse program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse provider, as approved by the Probation Officer. The defendant may be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of third-party payment.

2. The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant is to report to the nearest Probation Office within 72 hours of release from custody.

The defendant shall be supervised by the district of residence.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT:          RAUL REYES
CASE NUMBER:        1:08CR00983-01 (LAP)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 14,000.00 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| JP Morgan Chase Bank (OH) 1111 Polaris Parkway 4th Floor Columbus, OH 43240-2050 (614) 248-8939 Standard ID: E010497 | $14,000.00 | $14,000.00 | 100% |

| TOTALS | $ $14,000.00 | $ $14,000.00 | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT:        RAUL REYES                    Judgment — Page    7    of    7
CASE NUMBER:      1:08CR00983-01 (LAP)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    X    Lump sum payment of $ 100.00            due immediately, balance due

          ☐    not later than_____ , or
          X    in accordance    ☐ C,    ☐ D,    ☐ E, or   X F below; or

B    ☐    Payment to begin immediately (may be combined    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal_____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
          _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal_____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
          _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a
          term of supervision; or

E    ☐    Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from
          imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;

F    X    Special instructions regarding the payment of criminal monetary penalties:

          The defendant shall make payments at a rate of no less than 10% of his gross monthly income beginning 30 days after
          entry of judgment and then again 30 days after release from custody. Payments shall be made to the Clerk of the Court,
          Southern District of New York, 500 Pearl Street, New York, NY 10007, for disbursement to Chase Bank.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several
     and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# NOTICE OF APPEAL
## UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York _____

UNITED STATES OF AMERICA

Docket Number _____ **08 Cr. 983 (LAP)**

- v -

Honorable Loretta A. Preska _____

Raul Reyes,        Defendant.

(District Court Judge)

Notice is hereby given that **the defendant, Raul Reyes**
appeals to the United States Court of Appeals for the Second Circuit from the:

judgment ☑ : order ☐ : other ☐ : _____

(specify)

entered in this action on _____ 04/06/10 _____.

(date)

Offense occurred after November 1, 1987    Yes ☑    No ☐

The appeal concerns:    conviction only ☐ :    sentence only ☑ :    conviction and sentence ☐

Barry Leiwant, Esq. _____

(Counsel for Appellant)

Date: _____ **April 12, 2010** _____

TO: Jennifer Burns, Esq.
Assistant United States Attorney
Southern District of New York
One St. Andrews Plaza
New York, NY 10007

Address: Federal Defenders of New York, Inc. _____

52 Duane Street – 10th Flor _____

New York NY 10007 _____

Raul Reyes, Reg. No. 61643-054, MCC

Telephone Number (212) 417-8700 _____

ADD ADDTIONAL PAGE IF NECESSARY

(TO BE COMPLETED BY ATTORNEY)

TRANSCRIPT INFORMATION – FORM B

| ➤ QUESTIONNAIRE | ➤ TRANSCRIPT ORDER | DESCRIPTION OF PROCEEDINGS FOR WHICH TRANSCRIPT IS REQUIRED (INCLUDE DATE) |
|---|---|---|

☑ I am ordering a transcript
☐ I am not ordering a transcript
Reason:
☐ Daily copy is available
☐ U.S. Attorney has placed order
☐ Other. Attach explanation

Prepare transcript of                    Dates
☑ Pre-trial proceedings  01/27/10 _____
☐ Trial _____
☑ Sentence  04/06/10 _____
☐ Post-trial proceedings _____

The ATTORNEY certifies that he/she will make satisfactory arrangements with the court reporter for payment of the cost of the transcript.
(FRAP 10(b))  Method of payment   ☐ Funds   ☑ CJA Form 24

ATTORNEY'S signature _____

DATE   **April 12, 2010**

➤ COURT REPORTER ACKNOWLEDGMENT

To be completed by Court Reporter and forward to Court of Appeals.

| Date order received | Estimated completion date | Estimated number of pages |
|---|---|---|
| | | |

Date _____            Signature _____

(Court Reporter)

COPY 1 - ORIGINAL